1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | | |
|---|---|---|
| MARY LEE GAINES, | ) | No. C 14-0027 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION TO STAY |
| | ) | AND ADMINISTRATIVELY CLOSING |
| vs. | ) | CASE |
| | ) | |
| WARDEN V. DOBSON-DAVIS, | ) | |
| | ) | (Docket Nos. 2, 3, 6, 9) |
| Respondent. | ) | |
| _____ | ) | |

16

17

18

19

20

        Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  Petitioner has paid the filing fee.[1]  For the reasons that follow, the court

GRANTS petitioner's motion to stay the petition and directs the clerk to

ADMINISTRATIVELY CLOSE the case.

                                    **BACKGROUND**

21

22

23

24

25

        According to the petition, on January 5, 2010, petitioner was sentenced to a term of 50-

years to life after being convicted of first degree murder in Contra Costa County Superior Court.

In 2012, the California Court of Appeal affirmed, and the California Supreme Court denied the

petition for review.  Petitioner filed a state habeas petition in Contra Costa Superior Court.

26

27

28

        [1]  Petitioner's motions for leave to proceed in forma pauperis thus are DENIED as
unnecessary.  (Docket Nos. 2, 6.)  Petitioner's motion for an extension of time to submit a
Certificate of Funds is DENIED as unnecessary.  (Docket No. 9.)

Petitioner filed the instant federal petition on January 3, 2014.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*,  431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner raises the following claims in her petition: (1) petitioner was denied the right to a speedy trial (Pet. Claims 1-2); (2) petitioner's right against self-incrimination was violated[2] (Pet. Claims 5, 16(2)); (3) petitioner is actually innocent (Pet. Claim 6); (4) the trial court failed to hold a competency hearing[3] (Pet. Claims 7-8); (5) petitioner's conviction was obtained by

---

[2]  Petitioner summarily asserts that this claim violates her right to a fair trial and also affects her right to the effective assistance of counsel.  However, conclusory allegations such as this in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause.  *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).  Accordingly, petitioner's assertions of a right to a fair trial and the effective assistance of counsel as to this claim are DISMISSED.

[3]  To the extent that petitioner is also complaining about her treatment while at the detention center, such a claim does not state a proper claim for habeas relief because it does not demonstrate that she "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights proceeding pursuant to 42 U.S.C. § 1983 is the proper method for challeninge the conditions of that confinement.  *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991).

false evidence (Pet. Claim 9); (6) the identification line-ups were impermissibly suggestive and violated petitioner's right to counsel as well as due process (Pet. Claims 10, 11, 16(1)); (7) the trial court violated petitioner's right to counsel and right to be present when it held a *Marsden* hearing, *see People v. Marsden*, 2 Cal. 3d 118 (1970), outside of petitioner's presence and denied the motion (Pet. Claims 12-15); (8) the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) (Pet. Claim 16); (9) petitioner's right to a jury trial was violated when the prosecution excluded jurors based on race (Pet. Claim 17); (10) defense counsel was denied peremptory challenges (Pet. Claim 18); (11) the jurors committed misconduct when co-defendants' counsel and the co-defendant spoke to them outside the presence of petitioner's counsel (Pet. Claim 19); (12) petitioner was denied the right to testify (Pet. Claim 21); (13) there was insufficient evidence to convict petitioner and apply the enhancement, and the application of the gun enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000)  (Pet. Claims 22-23, 27-28, 37); (14) petitioner was prejudiced because she was shackled in the presence of the jury (Pet. Claim 24); (15) petitioner's sentence is excessive and amounts to cruel and unusual punishment[4] (Pet. Claims 28-30); (16) trial court violated petitioner's right to cross examine and confront Richard Tucker (Pet. Claim 32); (17) the trial court erred in instructing the jury with CALJIC 2.11.5 (Pet. Claim 33); (18) the trial court erred in instructing the jury with CALJIC 3.00 (Pet. Claim 34); (19) petitioner received ineffective assistance of counsel because: (a) counsel failed to conduct a reasonable pretrial investigation and interview witnesses (Pet. Claim 31A); (b) counsel failed to attend the pretrial identification line-ups (Pet. Claim 31B); (c) counsel failed to object to petitioner's absence at the *Marsden* hearing (Pet. Claim 31C); (d) counsel failed to file a motion to dismiss because of insufficient evidence (Pet. Claims 31D, 31G); (e) counsel failed to file a motion to suppress (Pet. Claim 31E); (f) counsel failed to request a competency hearing; (g) counsel threatened a defense witness to prevent the witness

---

[4] Petitioner's claim that her 50-year to life sentence is invalid because it is an indeterminate sentence (Pet. Claim 29) is incorrect.  *See People v. Felix*, 22 Cal. 4th 651, 654 (2000) (recognizing that after the Determinate Sentencing Law, "[s]ome crimes, however, remain punishable by imprisonment for either some number of years to life, or simply life.") (internal quotation omitted).  Accordingly, this claim is DISMISSED with prejudice.

from testifying on petitioner's behalf (Pet. Claim 31H); (h) counsel failed to investigate the person in possession of the murder weapon (Pet. Claim 31I); (i) counsel delayed the jury trial, violating petitioner's right to a speedy trial (Pet. Claims 31J, 31Q); (j) counsel failed to order fingerprint analysis of the bullet (Pet. Claim 31K); (k) counsel failed to inform the jury whose blood was found in Vincent Stokes' car (Pet. Claim 31L); (l) counsel failed to produce exculpatory evidence of Tucker's audio taped statement (Pet. Claim 31M); (m) counsel lied to the court and the jury by telling them that petitioner did not know the victim (Pet. Claim 31N); (n) counsel spoke about petitioner's travel to the jury even though the court ordered the parties not to (Pet. Claim 31P); (o) counsel failed to remove herself because of a conflict of interest (Pet. Claims 31R, 31V); (p) counsel prevented petitioner from testifying on her own behalf (Pet. Claim 31S); (q) counsel failed to object to *Batson* error (Pet. Claim 31T); (r) counsel failed to object to petitioner's shackling (Pet. Claim 31U); (s) counsel failed to object to the denial of the request to continue petitioner's sentencing (Pet. Claim 31W); (t) counsel failed to object to the erroneous sentencing (Pet. Claims 31X, 31(2), 31(3), 31(4)); (u) counsel failed to object to the admission of the cell phone call from Richard Gaines to petitioner (Pet. Claim 33); and (v) counsel failed to object to the instruction CALJIC 3.00 (Pet. Claim 35); (20) appellate counsel rendered ineffective assistance of counsel; and (21) the cumulative effect of these errors was prejudicial.  Liberally construed, these claims as stated are cognizable on habeas review.

Petitioner also raises claims that her Fourth Amendment rights were violated.  (Pet. Claims 3-4.)  However, the existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims.  *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated 4th Amendment claim in state court is irrelevant if he had opportunity to do so under California law).  California state procedure provides an opportunity for full litigation of any Fourth Amendment claim.  Thus, these claims are DISMISSED with prejudice.

Petitioner also alleges that there was jury misconduct when the jury spoke to defense counsel and the prosecution outside of petitioner's presence.  (Pet. Claim 20.)  However, this is

not a cognizable federal habeas claim. There is no indication that this was a critical stage of the proceeding or that petitioner's presence would have contributed to the fairness of the procedure, nor does petitioner argue as much. *See Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). Accordingly, this claim is DISMISSED with prejudice.

Petitioner further claims that the trial court abused its discretion when it denied her request for a continuance of her sentencing hearing. (Pet. Claim 25.)  However, this is not a federal constitutional claim cognizable on federal habeas review. Similarly, petitioner's claim that she was denied a Penal Code § 1204 hearing for mitigating circumstances (Pet. Claim 26) is not a federal claim. "[I]t is only noncompliance with underline federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original). The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011). Accordingly, these claims are DISMISSED with prejudice.

Petitioner moves for a stay of proceedings to allow her to exhaust her unexhausted claims, namely claims 1-31 and claims 39-42. The United States Supreme Court has held that district courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.* The unexhausted claims not dismissed above have been found, when liberally construed, to be cognizable, and thus they are potentially meritorious. Specifically, claims 1-2, 5-19, 21-24, 27-28, 30-31, and 39-42, are cognizable and potentially meritorious. The failures by appellate counsel to pursue petitioner's claims on appeal as alleged by petitioner sufficiently show good cause for her failure to exhaust her claims sooner. *See e.g.*, *Blake v. Baker*, No. 12-15522, 2014 WL 983623, *3-4 (9th Cir. 2014) (reversing district court's denial of stay and concluding that good cause was satisfied when petitioner alleged that post-conviction counsel failed to conduct any independent investigation in order to discover facts for an underlying ineffective assistance

of trial counsel claim); *Wagner v. Smith*, 581 F.3d 410, 419 nn. 4, 5 (6th Cir. 2009) (recognizing that petitioner "seem[ed] to have a compelling good cause argument that his appellate counsel was ineffective for failing to raise these [unexhausted] claims on appeal") (internal quotation marks omitted).   Therefore, the motion for a stay is GRANTED.

### CONCLUSION

1.      Claims 3, 4, 20, 25, 26, and 29 are DISMISSED with prejudice.  Petitioner's motion for a stay is GRANTED.  This action is hereby STAYED while petitioner exhausts her unexhausted claims in the state courts.

2.      If petitioner is not granted relief in state court, she may return to this court and ask that the stay be lifted.  To do so, petitioner must notify this court **within thirty days** after the California Supreme Court has completed its review of petitioner's claims.  The notice must clearly identify in the caption that it is to be filed in Case No. C 14-0027 LHK (PR).  If petitioner fails to timely conform with this directions, this court may vacate the stay and act on this petition based solely on the exhausted claims.  *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").  Upon petitioner's filing of the notification that all of her claims have been exhausted, the stay of this case will be lifted, the case will be reopened, and the court will schedule further proceedings.  The clerk shall administratively close Case No. C 14-0027 LHK (PR); this closure has no legal effect.

3.      This stay will be lifted, and this matter will proceed, only upon the filing of petitioner's timely notice, or a notice that petitioner has decided to abandon her unexhausted claims and wishes to proceed only with the exhausted claims.  If petitioner does not take any further action, this case will remain stayed and she will not receive any ruling from the court on her petition.

4.      The clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.

1

IT IS SO ORDERED.

2

DATED: ___4/16/14___

_Lucy H. Koh_
_____
LUCY H. KOH
United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28